IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **REGINALD FRITZ BELL,** § | |
| **TDCJ No. 01923613,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00033-M-BP |
| § | |
| **WARDEN SMITH,** *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for screening pursuant to 28 U.S.C. § 1915 is the record in the above-captioned case. After considering it and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn *sua sponte* **DISMISS** this case **with prejudice**.

I.   BACKGROUND

Reginald Fritz Bell was convicted of indecency with a child and is serving a fifteen-year sentence in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ"). *See* ECF Nos. 1, 9; *Inmate Information Details: Bell, Reginald Fritz*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=50087132 (last visited Aug. 2, 2022); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute).

In November 2021 (ECF No. 1 at 4), Bell appeared at a disciplinary hearing for two offenses with which he had been charged while serving his sentence: (1) masturbating in public; and (2) threatening to inflict harm on an officer. ECF No. 9 at 14-15. He pleaded guilty to both. *Id.* Consequently, he "lost [his] parole which is causing [him] mental anger." ECF No. 1 at 4. So

in April 2022, Bell filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, seeking declaratory and injunctive relief for alleged violations of the Fourteenth Amendment of the United States Constitution. *See id.*; ECF No. 9 at 10.

Bell names as Defendants the counsel substitute who represented him during the hearing, Charlotte Richey, and the Allred Unit Senior Warden, Jimmy Smith. ECF No. 1 at 3; ECF No. 9 at 8-9. Richey allegedly violated Bell's procedural due process rights at the hearing by "(1) [not] advocating on [his] behalf[;] (2) by not contacting the charging officers[;] (3) by not ensuring all due process was followed[;] and (4) by offering the punishment in [his] hearing on both cases." ECF No. 1 at 4. And Smith allegedly "violated [Bell's] due process in the [subsequent] grievance investigation and [in the] disciplinary hearing by not being a neutral body in the due process." *Id.*

The Court issued Bell, who proceeds *pro se* and *in forma pauperis* (*see* ECF No. 5), a questionnaire seeking more facts about his case. ECF No. 6. Before answering, Bell filed a Motion for Leave to File an Amended Complaint, indicating his original Complaint omitted important parties whom he would like to join to this suit. ECF No. 7. The Court denied the Motion because Bell did not attach to his Motion a copy of his proposed amended complaint, as required by the Local Civil Rules and as directed in a prior Court Order. ECF No. 8. Even so, the Court extended Bell's deadline to answer the Court's questionnaire and notified Bell that the Court would construe his questionnaire answers as supplementing his Complaint. *Id.* In later submitting his questionnaire answers, Bell did not reference any additional parties whom he would like to join. ECF No. 9 at 1-11. Nor has he since renewed the Motion.

## II.   LEGAL STANDARDS

Because Bell proceeds *in forma pauperis*, the Court must *sua sponte* dismiss his complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not allege enough facts "to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* prisoner's complaint "must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating *pro se* documents should be liberally construed). The Court must "look beyond" a prisoner's "formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (indicating questionnaire responses supplement the inmate's complaint).

### III.   ANALYSIS

Title 42 U.S.C. § 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To state a cognizable § 1983 claim, the plaintiff must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of

Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Bell's complaint is frivolous and not cognizable. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. Bell does not allege a Fourteenth Amendment deprivation.

A "§ 1983 action may be brought for a violation of procedural due process." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Fourteenth Amendment prohibits "any State" from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property," those seeking "to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Moreover, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125.

The Court thus "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). Only if the first step is satisfied will the Court consider the second. *Butts v. Martin*, 877 F.3d 571, 590 (2017). For the first step, the "types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited." *Thompson*, 490 U.S. at 460. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson*, 545 U.S. at 221 (internal citation omitted). For the second step, the Fourteenth Amendment contemplates three procedural protections owed prisoners like Bell:

> In *Wolff v. McDonnell*, 418 U.S. 539 [] (1974), the Supreme Court, while indicating reluctance to review the judgment of prison administrators, and while acknowledging that prison disciplinary proceedings do not require the 'full panoply of rights' due a defendant in a criminal proceeding, set forth positive minimum requirements of procedural due process which should be accorded prisoners: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.

*Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981) (short-form citations to *Wolff* omitted); *see also Smirl v. Underwood*, No. 3:17-cv-2281-L-BH, 2019 WL 3881553, at *2 (N.D. Tex. June 14, 2019) (indicating the *Wolff* protections apply "at a disciplinary hearing that results in a sanction affecting a liberty interest"), *rec. adopted*, 2019 WL 3859657 (N.D. Tex. Aug. 16, 2019). Bell's allegations do not satisfy either step.

Bell acknowledges the Fourteenth Amendment "forbids [S]tates to deprive any person of liberty without due process of law." ECF No. 9 at 8. But the liberty interest allegedly at stake during his disciplinary hearing and subsequent grievance filings was his entitlement to parole. ECF No. 1 at 4. The Fifth Circuit has "determined repeatedly that Texas law and regulations do not create a constitutionally protected liberty interest in parole." *Stout v. Stephens*, 856 F. App'x 558, 559 (5th Cir. 2021); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[Plaintiff-inmate] does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction."). Because Bell does not allege facts satisfying the first step of the Court's due process analysis, the inquiry should end here as to Richey, Smith, or any other individual whom Bell might like to join for their involvement in the November 2021 disciplinary hearing and related proceedings. *See Butts*, 877 F.3d at 590; *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) ("Because [Plaintiff-inmate] has not alleged a deprivation of a constitutionally cognizable liberty interest, his 42 U.S.C. § 1983 action has no arguable basis in law.").

5

But even assuming a liberty interest was at stake, Bell does not allege being deprived of the three minimum procedural protections owed to him during the hearing. *See Smith*, 659 F.2d at 542. He does not deny receiving notice, a written statement of the factfinders, or the opportunity to call witnesses and present documentary evidence. *See* ECF Nos. 1, 9. Instead, he is upset with the hearing's outcome (allegedly, lost parole), which he attributes to his counsel substitute's poor representation. *See* ECF No. 1 at 4; ECF No. 9 at 9.

The Fourteenth Amendment, however, does not guarantee Bell effective assistance of counsel substitute at a prison disciplinary hearing or a satisfactory outcome from that hearing, just an outcome obtained through due process of law. *See Zinermon*, 494 U.S. at 125; *see also Smith v. Dir., TDCJ-CID*, No. 6:21-cv-032-JDK-KNM, 2021 WL 608740, at *2 (E.D. Tex. Jan. 21, 2021) (stating "a claim of ineffective assistance of counsel substitute is not of constitutional magnitude"), *rec. adopted*, 2021 WL 602582 (E.D. Tex. Feb. 16, 2021). As his pleadings do not suggest any procedural errors under *Wolff*, they fall short at the second step of the Court's due process analysis too. Moreover, because Bell does not satisfy the first step of the Fourteenth Amendment analysis (or even the second step), the Court should dismiss his case.

### B. Richey did not act under color of law.

Even if Bell alleged a Fourteenth Amendment violation, his allegations against Richey remain insufficient because they do not satisfy the second vital element of a § 1983 claim. *See Daniel*, 839 F.2d at 1128. The "actions of counsel substitute in a prison disciplinary hearing are not actions under the color of state law." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *see also Cox v. Blackwell*, No. 2:11-cv-0174, 2011 WL 3606719, at *2 (N.D. Tex. Aug. 16, 2011) (citing *Banuelos*, 41 F.3d at 234) ("A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought

under Title 42, United States Code, section 1983."). Because Richey served as Bell's counsel substitute (*see* ECF No. 1 at 3-4; ECF No. 9 at 9), she did not act under color of Texas law, rendering Bell's § 1983 claim against her infirm.

      **C.**     **Smith was not personally involved.**

Similarly, Bell's claim against Smith also would remain inadequate under the second § 1983 element because Bell does not allege Smith's personal involvement in any constitutional violation. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 659 (E.D. Tex. 2004) (citing *Thompson*, 709 F.2d at 382) (analyzing personal involvement under the second element). Section 1983 "does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Instead, Bell must allege facts showing an affirmative link between his injury and an act of each Defendant he sues. *Murphy v. Kellar*, 950 F.2d 290, 292 & n.7 (5th Cir. 1992).

Yet Bell would hold Smith liable for the actions of his staff solely because of Smith's supervisory position. He says Smith is "legally responsible for the operation of the James Allred Unit and for the welfare of all personnel[] and Inmates of said prison" (ECF No. 9 at 8) and that his "staff violate[d] my due process, in the grievance process and hearing." ECF No. 1 at 3. Bell adds that the "grievance process violated [his due process right] which is sign[ed] by Warden Smith *or* his assignee." ECF No. 9 at 8 (emphasis added). Smith's signature does not appear in the grievance filings attached to Smith's pleadings (*see* ECF No. 1 at 6-13), and there is no indication Smith was aware of Bell's grievances or the disciplinary hearing, or that Smith was otherwise involved in the outcome. Smith cannot be held liable for his staff's actions here solely because of his supervisory authority over them. Bell must allege more. Because he does not, Smith should be dismissed.

### D. The Court should dismiss Bell's case with prejudice.

A district court generally "errs in dismissing a *pro se* complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (applying Federal Rule of Civil Procedure 12(b)(6)). But once the *pro se* prisoner has pleaded his "best case," the Court may dismiss any of his incognizable claims with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the prisoner has filed his complaint and submitted questionnaire responses, then the Court may conclude he has pleaded his best case such that granting him further leave to amend would be futile or cause unnecessary delay. *See, e.g.*, *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917, at *10 (N.D. Tex. June 25, 2021); *McLean v. King*, No. 3:20-cv-1244-C-BK, 2020 WL 6049297, at *2 (N.D. Tex. Sept. 15, 2020), *rec. adopted*, 2020 WL 6048202 (N.D. Tex. Oct. 13, 2020).

Bell's filings include his Prisoner's Civil Rights Complaint (ECF No. 1) and Questionnaire Answers (ECF No. 9). As mentioned, the undersigned treats his Questionnaire Answers as supplementing his Complaint. *See Howard*, 707 F.2d at 220; *Watson*, 525 F.2d at 892. Granting Bell more opportunities to amend would be futile and result in unnecessary delay. Bell has pleaded his best case, which should be dismissed with prejudice.

### IV. CONCLUSION

Because Bell's due process claims are frivolous and not actionable, and because Bell has pleaded his best case, the undersigned **RECOMMENDS** that Chief Judge Lynn *sua sponte* **DISMISS** this case **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 2, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE